UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

George Enrique Herbert,                    )
                                           )
                Plaintiff,                 )
                                           )
        v.                                 )        Civil Action No.    10 2090
                                           )
Eric Holder *et al.*,                      )
                                           )
                Defendants.                )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and

application to proceed *in forma pauperis*. The application will be granted and the complaint

dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring

dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff, a prisoner at the Federal Correctional Complex in Coleman, Florida, "sues

Defendant Eric Holder and the United States of America" for "false imprisonment, mental injury,

defamation of character, slander, libel, and violations of the extradition treaty. . . ." Compl. at 1.

He invokes the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, and *Bivens v. Six*

*Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *Bivens* creates a

cause of action against federal officials found to have violated an individual's constitutional

rights, the remedy of which is monetary damages. *See Davis v. Passman*, 442 U.S. 228, 245

(1979) (stating that under *Bivens*, "it is damages or nothing") (citation and internal quotation

marks omitted). The United States has not consented to be sued for constitutional torts. *FDIC*

*v. Meyer*, 510 U.S. 471, 478 (1994). Plaintiff's purported *Bivens* claim therefore is barred by

sovereign immunity.

*N*

3

An FTCA claim is maintainable only after the plaintiff has exhausted his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996). Because plaintiff has not indicated that he exhausted his administrative remedies, the complaint will be dismissed.[1] *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."). A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: December ___3___, 2010

---

[1] Even if plaintiff has exhausted his administrative remedies, this judicial district is not the proper venue for litigating plaintiff's FTCA claim arising from his conviction in the Southern District of New York. *See* Compl. at 2, ¶ 1; 28 U.S.C. § 1402(b) (requiring such claims to be prosecuted "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred").